# APPENDIX

# EXHIBIT 1

## Declaration of Brian Miller

including Exhibit 1A (position statement)

and Exhibit 1B (motion and exhibits from state-court suit)

# Declaration of Brian Miller

State of Texas §
County of Nueces §

Brian Miller, pursuant to 28 U.S.C. §1746, declares the following:

1. My name is Brian Miller. I am of sound mind, am capable of making this declaration, and have personal knowledge of the facts stated in this declaration. All exhibits that are identified in this declaration are true copies of the originals.

2. I am a lawyer and a partner of the Royston Rayzor Vickery & Williams L.L.P. law firm. I have represented defendants in the following two suits: *Olivarez v. Clinton et al.*, No. CVW2601026 in the 218th District Court of Texas, Wilson County, and *Caldwell et al. v. Louis et al.*, No. 5:26-cv-02527, in the U.S. District Court for the Western District of Texas. The state-court case is now on appeal as *Olivarez v. Garza et al.*, No. 04-26-00335-CV in the Fourth Court of Appeals of Texas. The attached copies of Exhibits 1A and 1B are included in the clerk's record for that appeal and show the page numbers from that clerk's record.

3. Our firm was counsel for Wilson County in responding to a charge of discrimination by Joshua Olivarez. Attached as Exhibit 1A is Wilson County's position statement (without the exhibits to that statement) and an accompanying letter.

4. Attached as Exhibit 1B is a motion, including exhibits, from the state-court suit identified above.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2026.

[signature]
Brian Miller

Filed
[illegible]
Deborah Bryan
Wilson County
District Clerk

*Myra Morris*
Board Certified - Labor & Employment Law
Texas Board of Legal Specialization
myra.morris@roystonlaw.com

Internet: www.roystonlaw.com

ROYSTON
EST. 1892
RAYZOR

802 N. Carancahua, Suite 1300
Corpus Christi, TX 78401
Main: 361.884.8808
Fax: 361.884.7261

July 25, 2025

*Via first class mail and email to eeoresponses@twc.texas.gov*
Texas Workforce Commission
101 E. 15th Street, Room 154
Austin, Texas 78778-0001

Re: TWCCRD: 1A25475
EEOC: 31C-2025-00477
Joshua Jayme Olivarez v. Wilson County, Sheriff's Office
Our File No. 67914

Dear Sirs/Mams:

Please be advised that we represent Wilson County in the above-referenced Charge. Please see the following answers:

1. Wilson County
   1420 3rd Street
   Floresville, Texas 78114

2. Wilson County Judge – Honorable Henry L. Whitman, Jr.
   Wilson County Attorney – Theresa Nettles
   Wilson County Sheriff – Jim Stewart

3. Wilson County Attorney's office employed 10 employees during the 2024 year. Wilson County Attorney's office currently has 9 employees.

4. Please see the attached Position Statement.

5. Please see attached.

6. Please see the attached Position Statement.

7. Not applicable.

8. None.

Please let me know if you any further questions.

Sincerely,

/s/ Myra Morris
Myra Morris

MKM/ilc
Attachments



Exhibit 1A
Exhibit 3
102

Filed
2/9/2026 5:10 AM
Deborah Bryan
Wilson County
District Clerk

4

Filed
[illegible]
Deborah Bryan
Wilson County
District Clerk

Position Statement

Charging Party: Joshua Olivarez

Charge No. 1A25475

EEOC No. 31C-2025-00477

Wilson County did not retaliate against former employee Joshua Olivarez as alleged in his Charge of Discrimination signed on April 3, 2025.

EMPLOYMENT

Olivarez was hired on June 1, 2017, as an investigator in the Wilson County Attorney's office. *See Tex. Govt. Code Sec. 41.102*. Olivarez reported directly to Tom Caldwell, the Wilson County Attorney. He ended his employment on December 31, 2024. Caldwell unsuccessfully ran for the 81st District Attorney, which covered Wilson County and four other counties, in 2024. In an email dated December 5, 2024, Wilson County Attorney Caldwell informed the Human Resources Director, Jalyn Bodiford, that Olivarez would be resigning at the end of the month. He stated that "his last day will also be my last day". *See Exhibit A*. Theresa Nettles was elected to the Wilson County Attorney's office for the term beginning January 1, 2025. At no time did Wilson County Sheriff's Office either employ, direct or control the work of Olivarez.

OLIVAREZ'S COMPLAINTS ARE ABOUT NON-EMPLOYER CONDUCT.

An obvious problem with Olivarez's discrimination charge is that he accuses the Wilson County Sheriff's Office of retaliation but also admits "I had not worked for them". In effect, Olivarez's complaint is about the conduct of a third-party to his former employment relationships with the Wilson County Attorney and with the Bee County Sheriff.

Under Texas law, the Wilson County Attorney was Olivarez's employer. Texas law gives the County Attorney the authority to select and discharge assistant county attorneys, investigators, and other office personnel without approval or interference from other county entities. *See* Tex. Govt. Code §§41.102, 41.105; *State ex re. Hill v. Pirtle*, 887 S.W.2d 921, 929 (Tex. Cr. App. 1994) (applying those statutes, explaining that commissioners court had no power over such decisions). Employment-discrimination decisions recognize distinctions between county officials with such authority and counties generally when identifying the employer. *Oden v. Oktibbeha Co.*, 245 F.3d 458, 465 (5th Cir. 2001) (sheriff, not county, was employer). County funding of the office does not make the county itself an employer. *Nchotebah v. UTMB*, 2021 WL 5988429 (E.D. Tex. 2021) (discussing *Oden* and similar opinions).

THE SHERIFF'S OFFICE DID NOT DENY OLIVAREZ ACCESS TO CRIME-RECORDS DATABASES.

While the Wilson County Attorney hired Olivarez as an investigator, the Wilson County Sheriff's Office held Olivarez's peace-officer commission as a matter of convenience until

Filed
2/7/2025 8:00 AM
Deborah Bryan
Wilson County
District Clerk

Summer 2023, when the Texas Commission on Law Enforcement granted the County Attorney's application to designate a standalone law-enforcement agency within his office. That action allowed the County Attorney's Office to directly hold investigators' peace-officer commissions and access intergovernmental crime-record databases using its own Originating Agency Identification ("ORI"). *See Exhibits B, C.*

The Wilson County Sheriff's Office did not "strip him of access to systems," as Olivarez has alleged. Rather, Olivarez could conduct searches through the ORI issued to the County Attorney's Office. Regardless, if Olivarez needed assistance, the Wilson County Sheriff's Office dispatch was available to assist in searches.

<u>A STATE AGENCY, NOT THE WILSON COUNTY SHERIFF'S OFFICE, PERFORMED THE INVESTIGATION THAT OLIVAREZ COMPLAINS ABOUT.</u>

Neither Wilson County Sheriff's Office nor any other Wilson County department or office performed any investigation of Olivarez.

Olivarez's complaint is based on an investigation by the state Office of the Attorney General ("OAG"). This investigation arose when Sheriff's Office employee Lieutenant Joseph Dubs complained to the OAG about his arrest after a County Attorney's Office investigation in which Olivarez participated.

Olivarez's charge acknowledges that he was interviewed by an OAG investigator in the fall of 2023. Olivarez's charge also acknowledges that it was the OAG investigator who told his Bee County supervisors that Olivarez was "pending indictment."

Dubs eventually filed a lawsuit against the Wilson County Attorney, styled *Lieutenant Joseph Dubs v. Wilson County and Tom Caldwell*, No. CVW2400116, in the 218th District Court of Wilson County. That suit alleges official oppression and other causes of action. A recent filing in this matter, *Plaintiff's Response to Defendant Wilson County and Tom Caldwell's Amended Plea to the Jurisdiction*, Exhibit B, details specifics of the OAG investigation.

A Bee County Sheriff's Office employee contacted Wilson County Sheriff's Office Chief Deputy Clint Garza about Olivarez. Garza informed the caller that the Wilson County Sheriff's Office had not conducted any investigations of Olivarez. Garza truthfully reported that the OAG'S investigation of Olivarez, following Dubs' complaint, was ongoing. Garza provided the Bee County caller with the name of the OAG investigator. Contrary to Olivarez's allegations, no one at the Wilson County Sheriff's Office or any other Wilson County agency initiated this discussion.

<u>THE COMPLAINTS ABOUT PUBLIC INFORMATION ACT REQUESTS AND AN ACCIDENT PHOTOGRAPH ARE WITHOUT MERIT.</u>

Olivarez's charge admits that the response to his Public Information Act requests had no effect on his employment. He admits that he made the requests after he resigned from his new

Filed
2/9/2026 8:00 AM
Deborah Bryan
Wilson County
District Clerk

job. Contrary to his allegation, any requests submitted by Olivarez to Wilson County were responded to and applicable documents, if any, were provided. *See Exhibit D.*

Olivarez's charge also admits no connection between his employment and his complaint that the "Sheriff's Office published pictures of my vehicle on their Facebook page, knowing it would be seen by the public and persons who know me to further cause me harm". According to the timeline in Olivarez's charge, he resigned his new job on January 17, 2025. The photograph that he is apparently referencing is a thumbnail image over the word "crashes." *See Exhibit E.* That image did not appear on the Facebook page until March 2025.

Prior to Olivarez's charge, neither the Sheriff or the Chief Deputy were aware of any pictures of Olivarez's vehicle being on the Wilson County Sheriff's Facebook page. After further investigation, it was discovered that the picture in question was used on the Wilson County Sheriff's Facebook page as an icon on a post about statistics for the Wilson County Sheriff's department. Deputy Skylar Daily changed the icon in March to refresh the page. She was unaware that the picture was from Olivarez's crash until she was questioned about it. When she created the icon, she utilized pictures sent to her from other deputies. She selected that picture because it was hard to recognize and there are no identifying items visible. The picture has since been replaced.

<u>CONCLUSION</u>

Olivarez was not retaliated against by Wilson County as alleged in his Charge of Discrimination. His allegations to the contrary are untrue and without merit.

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

**CAUSE NO: CVW2601026**

| | | |
|---|---|---|
| **JOSHUA JAYME OLIVAREZ,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **81st/218TH JUDICIAL DISTRICT** |
| | § | |
| **CLINTON DALE GARZA AND GREGORY TODD DICKERMAN** | § § | |
| **DEFENDANTS** | § | **OF WILSON COUNTY, TEXAS** |

**PLAINTIFF'S MOTION TO SHOW AUTHORITY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff JOSHUA JAYME OLIVAREZ ("OLIVAREZ") and files this Combined Motion to Show Authority under Rule 12 of the Texas Rules of Civil Procedure and Motion to Disqualify Counsel, and in support thereof respectfully show the Court as follows:

## I. RELIEF REQUESTED

Plaintiff seek two related but distinct forms of relief:

1. An order requiring defense counsel Myra K. Morris and Brian Miller to show their authority under Rule 12 to represent Defendant CLINTON DALE GARZA ("GARZA"); and

2. An order disqualifying Myra K. Morris, Brian Miller, and any other Counsel from their firm: ROYSTON RAYZOR VICKERY & WILLIAMS L.L.P. from representing GARZA or any other Defendants due to actual and serious conflicts of interest, including lawyer-as-witness issues and divided loyalties Morris and her firm have currently that materially impair counsel's independent professional judgment.

## II. JUDICIAL NOTICE

Exhibit 1B

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

3. Plaintiff request the Court take judicial notice of its entire file in this cause and in cause no. CVW2511729, styled, *In Re: Joshua Jayme Olivarez, Petitioner*, including Plaintiff' Original Petitions and amendments, subsequent responses by Defendants, and hearing transcripts.

## III. FACTUAL BACKGROUND

4. Attorneys Myra K. Morris and Brian Miller have appeared of record purporting to represent Defendant GARZA. The answer they filed on GARZA's behalf in this case also appeared to implead outside of motion, GARZA's employer, WILSON COUNTY, a political subdivision of the State of Texas to stand in his shoes for his conduct. The petition filed by Plaintiff contains no express or implied claims about that implicate his employer.

5. The conflicts are elated to the conduct of at least one member of this firm, Myra K. Morris, that has been identified and confirmed to have been a key participant in the republication of false and defamatory statements concerning Plaintiff to third party investigators from the Texas Workforce Commission concerning the initial disclosures the subject of this suit made by GARZA and DICKERMAN and potentially other actors yet to be identified which caused the agency to decline to continue it's investigation and contributed to the harm Plaintiff has suffered.

6. There is a high likelihood that Morris and her firm will be added to this or other potential suits as defendants after the extent of their conduct is determined during discovery.

7. This situation was previously identified to Ms. Morris in writing by the undersigned on or around January 3, 2026. Then the situation was identified to Morris and Miller again in person by the undersigned on January 5, 2026 at a hearing for Rule 202 requests Plaintiff made to GARZA, individually. In that matter, and after the first notification to Morris of the issues with her conduct in 2025, Morris filed as an exhibit to their response, the very document which she made representations about and released to a TWC employee that contained defamatory and false information, despite being notified of the documents implications, prior to her filing the documents. These first notifications were made prior to the filing of this suit. No written reply were received to the first. When told about them, they did not respond to their conduct, and instead made inquiries about the nature of GARZA's conduct and his involvement with

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

DICKERMAN's investigation. Both counsel were strongly urged then to notify their Client, WILSON COUNTY, and its insurance carrier of the gravity of this situation and Plaintiff's skepticism about the County's involvement in the acts that occurred.

8. Subsequently, Counsel for Olivarez notified both Miller and Morris again on February 19, 2026, after they filed an answer on GARZA's behalf in this case that also appeared to implead GARZA's employer, WILSON COUNTY, to stand in his shoes. No response was received to this notification either. As such, judicial intervention is required.

9. These facts raise substantial concerns that Myra K. Morris is a necessary fact witness to the underlying facts concerning the disclosures of which her testimony will be adverse to the interests of GARZA, and potentially WILSON COUNTY if it is deemed a proper party.

10. In the event Counsel and their firm are named as Defendant's in this action or in a different action, their representation of GARZA or WILSON COUNTY when they will have interests adverse to these parties make it impossible for these Attorneys or any other from their firm to act independently in the best interests of other Defendants.

**IV. MOTION TO SHOW AUTHORITY (RULE 12)**

11. Under Rule 12 of the Texas Rules of Civil Procedure, when a party challenges an attorney's authority to represent a litigant, the burden rests on the challenged attorney to prove sufficient authority.

12. Plaintiff OLIVAREZ specifically challenges Myra K. Morris and Brian Miller to show authority for how in light of their previous representation of WILSON COUNTY, they may represent any party associated with WILSON COUNTY in this suit without causing adverse harm in violation of Texas Rules of Professional Conduct 3.08(b).

13. Plaintiff OLIVAREZ specifically challenges Myra K. Morris and Brian Miller to show authority for how in light of their previous notification of the issues caused by their previous representation and that Morris is a witness and her and her firm likely will be Defendants, they

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

may represent any party associated with WILSON COUNTY in this suit without violating Texas Rules of Professional Conduct 1.16(1).

14. Plaintiff OLIVAREZ specifically challenges Myra K. Morris and Brian Miller to show authority for how in light of their previous notification of the issues surrounding the document which was republished several times now by Morris and Miller, and of controversies related to the veracity of the contents, and the seeming absence of a genuine legal basis for the drafting, publication, and republication of such a document, and the fact that Morris has been identified as the specific culprit in one instance of republication on behalf of actors associated with GARZA (and possibly GARZA himself), how her and her firm may represent any party associated with WILSON COUNTY in this suit without violating Texas Rules of Professional Conduct 8.04(1)(2)(3) and (4).

15. Finally, Plaintiff OLIVAREZ specifically challenges Myra K. Morris and Brian Miller to show authority that Defendant GARZA and his employer WILSON COUNTY have been made expressly aware of the issues outlined in ¶¶ 11-14 above and have consented to Morris, Miller and or any other attorney associated with ROYSTON, RAYZOR, VICKERY, & WILLIAMS L.L.P. to represent them in this matter, including authorization to:

a. File pleadings on their behalf;

b. Make strategic litigation decisions affecting their rights; and

c. Allow Morris and Miller to act or speak for them in court proceedings where they may be Co-defendants prior to the termination of the suit or may be Defendants in a companion case.

16. Until such authority is shown, Rule 12 mandates that the Court stay proceedings and strike pleadings filed on behalf of the challenged parties.

## V. MOTION TO DISQUALIFY COUNSEL

### A. Conflicts of Interest - Rule 1.06(b)(2)

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

17. Texas Disciplinary Rule of Professional Conduct 1.06(b)(2) prohibits representation when a lawyer's responsibilities to one client or the lawyer's own interests materially limit the lawyer's ability to represent another client, unless strict waiver requirements are met. Here, Defendant GARZA's interests are materially adverse to WILSON COUNTY as any determination of responsibility, knowledge, or intent, or the absence of immunity necessarily shifts exposure among them and induces GARZA to act against the interests of WILSON COUNTY, should they become a proper party. Additionally, Counsel's own interest are implicated by virtue of their prior conduct.

18. Counsel's continued or joint representation creates a substantial risk that:

a. One Defendant's defense strategy may harm another;

b. Exculpatory positions for one Defendant may increase liability for another or a party not before the Court; and

c. Counsel's loyalty and judgment are compromised.

**B. Conflicts of Interest - Rule 1.09(a),(b)(1)(2), and (c)(1)(2)**

19. Texas Disciplinary Rule of Professional Conduct 1.09 prohibits representation when a lawyer's responsibilities to a former client materially limit the lawyer's ability to represent another client, unless strict waiver requirements are met.

20. Previously, Morris and her firm represented WILSON COUNTY in the defense of an EEOC retaliation complaint filed by OLIVAREZ after he was forced to resign from his employment with the Bee County Sheriff's Office. Here, the representation of Defendant GARZA's interests will be materially adverse to WILSON COUNTY. Additionally, in that prior representation, there is a presumption that Counsel acquired information protected by Rules 1.05 and 1.09(c) that is material to this matter and would likely result in a disadvantage to their former client for the benefit of GARZA and would require the use or disclosure of this information by Morris as a witness.

**C. Lawyer as Witness - Rule 3.08**

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

21. Counsel Morris will be a necessary witness concerning:

a. What was disclosed to her by employees or officials from WILSON COUNTY about the events complained of, and about the explanation she received from WILSON COUNTY about the report she republished; and

b. What about it she disclosed to Texas Workforce Commission investigator, James Harris;

22. Texas courts consistently hold that an attorney who is a necessary witness must be disqualified, as continued representation undermines trial fairness and credibility.
*See In re Sanders*, 153 S.W.3d 54 (Tex. 2004); *Ayres v. Canales*, 790 S.W.2d 554 (Tex. 1990).

## VI. HEARING REQUEST

23. Plaintiff request an evidentiary hearing at which:

a. Myra K. Morris and Brian Miller must prove authority under Rule 12 by sworn testimony or affidavit;

b. The Court may receive evidence concerning conflicts, lawyer-as-witness issues, and divided loyalties.

c. Plaintiff requests that this hearing be conducted prior to any other motion or plea practice

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that the Court:

A. Order Defendant's counsel and Defendant Crockett to appear and show authority under Rule 12 to represent Defendant CLINTON DALE GARZA and WILSON COUNTY in the event that are admitted as an actual Defendant.;

B. Stay proceedings and strike pleadings filed on GARZA'S behalf unless and until authority is proven.;

Filed
3/2/2026 2:56 AM
Deborah Bryan
Wilson County
District Clerk

C. Disqualify Myra K. Morris and Brian Miller from representing one or more Defendants due to conflicts of interest and lawyer-as-witness concerns,; and

Grant Plaintiff all further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

TOM CALDWELL LAW PLLC

TOM CALDWELL
Attorney for JOSHUA JAYME OLIVAREZ
Texas Bar No. 24086154
1427 3rd St.
Floresville, TX 78114
Office Phone: (210) 355-5874
Fax: (210) 348-3736
tomcaldlaw@gmail.com

## CERTIFICATE OF CONFERENCE

On the 19th day of February, 2026 the undersigned contacted Mr. Myra K. Morris and Brian Miller to discuss both the contents of this motion and any opportunities to come to some agreement. No response was ever received. Consequently, this matter will require the intervention of the Court.

TOM CALDWELL
Attorney for JOSHUA JAYME OLIVAREZ

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all counsel of record via eFileTexas on 2nd day of March, 2026.

TOM CALDWELL
Attorney for JOSHUA JAYME OLIVAREZ

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

# Exhibit A

# Email Morris sent to Harris with record they spoke about.
# (Not part of exhibits either Defendant filed)

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

**Harris,James P**

| | |
|---|---|
| **From:** | Myra Morris <myra.morris@roystonlaw.com> |
| **Sent:** | Monday, August 11, 2025 3:44 PM |
| **To:** | Harris,James P |
| **Cc:** | Irene L. Canales |
| **Subject:** | RE: TWCCRD Letter of Introduction Ref; Joshua Jayme Olivarez v Wilson County Sheriff's Office FEPA #1A25475 EEOC #31C-2025-00477 |
| **Attachments:** | 2025 07 02 Resp. Plea to the Juris._156AAE18.pdf |

**CAUTION:** Email not from TWC System. Use care when clicking links and opening attachments.

Mr. Harris – Attached please find a pleading from the case regarding Wilson County Lieutenant Joseph Dubs. Attached as Exhibit B is a affidavit of the Chief Felony Prosecutor of Comal County which addresses the findings of the OAG investigation and the decision regarding to not prosecute individuals including Mr. Olivarez.

Please let me know if you have any questions.

Thanks.

Myra Morris

ROYSTON
EST. 1892
RAYZOR

**Myra K Morris**
**Of Counsel**
802 North Carancahua, Suite 1300 Corpus Christi, TX 78401-0021
P: 361.884.8808 F: 361.884.7261 M: 361.533.7753
myra.morris@roystonlaw.com
www.roystonlaw.com

BOARD CERTIFIED
Texas Board of Legal Specialization
LABOR AND EMPLOYMENT LAW

11 lawyers from Royston, Rayzor, Vickery, & Williams, LLP were included in the 2021 Edition of The Best Lawyers in America©.

CONFIDENTIALITY NOTICE: The information contained in this ELECTRONIC MAIL transmission is privileged and confidential, intended only for the use of the individual or entity to whom it was addressed. It may be subject to the attorney-client privilege or be privileged work product or proprietary information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication (other than to the addressee(s)), is strictly prohibited.

Any non-legal comments, statements or opinions expressed herein are those of the author and not of Royston, Rayzor, Vickery & Williams, L.L.P.

**From:** Harris,James P <james.harris@twc.texas.gov>
**Sent:** Friday, August 8, 2025 10:11 AM
**To:** Myra Morris <myra.morris@roystonlaw.com>
**Subject:** TWCCRD Letter of Introduction Ref; Joshua Jayme Olivarez v Wilson County Sheriff's Office FEPA #1A25475 EEOC #31C-2025-00477

Ms. Morris,

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

Thank you for speaking with me this morning.

As discussed, my name is James Harris, I am an Investigator with the Texas Workforce Commission Civil Rights Division and have been assigned to investigate a discrimination complaint filed by Joshua Jayme Olivarez v Wilson County Sheriff's Office FEPA #1A25475 EEOC #31C-2025-00477.

I am contacting you today to advise you of case assignment, to provide you with my contact information. Based on our conversation you confirmed that you remain the legal representative for the Wilson County Sheriff's Office FEPA #1A25475 EEOC #31C-2025-00477 in this case.

As per our conversation, I apprised you that after reviewing your SOP dated July 25, 2025, that a particular Exhibit referenced in the SOP described as *"Exhibit B, details specifics of the OAG investigation"* appeared to be missing.

In order for TWCCRD to conduct a holistic investigation, all reference exhibits should be attached to the provided SOP.

Please provide the above referenced exhibit by August **13, 2025, 5:00 pm CST** so that I may continue this case forward and complete my analysis.

Respectfully,

***James P. Harris, MBA-PM, SHRM-CP***
Investigator V | Texas Workforce Commission, Civil Rights Division
Texas Workforce Commission
Civil Rights Division
101 E. 15th Street, Room 154
Austin, TX 78778-0001
Office: 737-301-1907
twc.texas.gov

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

# Exhibit B Written Notices

# First Notice sent 01/03/2026

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

**From:** **Tom Caldwell** tomcaldlaw@gmail.com
**Subject:** Notification of Retraction Demand and to take measures to prevent republication, Wilson County Sheriff's Office
**Date:** January 3, 2026 at 15:33
**To:** myra.morris@roystonlaw.com

Ms. Morris,

As a professional courtesy, I'm providing you the attached demand for retraction that was sent to Jim Stewart last week regarding information that was released through you to the Texas Workforce Commission that was false and defamatory about my client, Joshua Olivarez. Much of the subject matter in your response sent to Investigator Harris, that I presume was information provided to you from Mr. Stewart or his subordinates is demonstrably false.
The document that you released, which I see you procured through Texas re:SearchTX, is rife with information that is demonstrably false and criminally fraudulent. Its status as a public filing is not in dispute. This was the exact and precise intention of other actors not relevant at this time, when it was released. However, the context it has been used and how it was disseminated in the EEOC matter is what rises to defamation. The document's creation and subsequent publication in the manner it was is currently the subject of examination by several Federal agencies. For those reasons, I implore you to not release it again and to advise the same to Wilson County as well.

This is in no way an accusation or attack upon yourself or your firm. I am merely notifying you and sending you a copy for two reasons:

To place you on notice that based upon interviews with other witnesses and the content of your report to the TWC, you have been identified as a prospective witness in anticipated litigation; and
To place your firm on notice so that you may take measures to ensure the material or allegations are not inadvertently released again.

I regret the circumstances which require me to send this, but as I stated, I am doing so as a courtesy.

Respectfully,

Tom Caldwell
Tom Caldwell Law PLLC
1427 3rd Street
Floresville, Texas 78114
Office: (210) 355-5874
Fax: (210) 348-3736
Email: tomcaldlaw@gmail.com

*"Aut inveniam viam aut faciam"*

This message is a privileged and confidential communication and is transmitted for the exclusive information and use of the addressee. This message may contain confidential information belonging to the sender which is protected by the attorney-client privilege. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you are not the intended recepient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone for the return of the documents. Thank you.

**Stewart Demand Letter12.26.25.pdf**

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk


# TOM CALDWELL LAW P.L.L.C.

1427 3rd Street, Floresville, Texas 78114
O: 210-355-5874, F: 210-348-3736
tomcaldlaw@gmail.com


***Via CMRRR 9589 0710 5270 2899 7628 99***
***and USPS Regular Mail***

December 26, 2025

Jim Stewart, Sheriff
Wilson County Sheriff's Office
800 10th Street, Unit 2
Floresville, Texas 78114

**Re: Demand for Retraction in accordance with Texas Civil Practice and Remedies Code § 73.055.**

Mr. Stewart:

On December 8, 2025, the Texas Workforce Commission finally released its file to Joshua Olivarez related to the EEOC claim he filed last Spring. Reviewing the file, I learned that you, acting in concert with other persons, released information and documents which were then published to an investigator with the TWC and other parties that contained numerous unwarranted, malicious, false, and defamatory attacks upon myself, and my clients, Joshua Olivarez, and Dwayne Mercer, to wit:

On and around the Spring and Summer of 2025, you provided information to an attorney named Myra Morris, related to a document that was released by the Comal County District Attorney for reasons still unclear. Morris then used this information to draft a response which along with the report itself was published to the TWC investigator in response to the EEOC Charge of Discrimination filed by Mr. Olivarez. This charge complained of retaliation Olivarez experienced after members of your agency provided false information to his then employer, the Bee County Sheriff's office, which resulted in his forced resignation. The contents of this document, and your intentional release of defamatory information through an attorney, relate to express assertions of criminal misconduct by myself, Mr. Olivarez, and Dwayne Mercer. Also, that supports your position that the document serves as an independent assertion of the innocence of one of your current senior leaders related to acts that occurred in 2023 that led to his arrest and false prosecution by myself and my office. All of which are untrue. You are well aware. You were involved at every level of everything that occurred.

The information you provided, coupled with the document itself was then used to respond to Olivarez's charge and ultimately was the determining factor in the TWC closing its investigation without any findings and providing a right to sue letter to Olivarez. The assigned investigator

Filed
3/2/2025 2:36 AM
Deborah Bryan
Wilson County
District Clerk

confirmed this information was the catalyst and that it was provided by Wilson County. It has been confirmed that you were the main point of contact for the County. The false statement(s) that you intentionally republished from this fraudulent report had the effect of interfering and disrupting a lawful EEOC inquiry.

The conduct of the actors connected to the creation of this report and your later conduct of releasing the contents and making representation in reliance of the fraudulent record in an official investigation could be reasonably considered a crime. However, that is irrelevant at this juncture. What is relevant is the fact you still are squarely subject to accountability through civil process. Your release through an attorney is no shield to the defamatory effect of your representations especially in light of the fact that you were a key witness and participant in the "investigation" that led to the creation of the fraudulent record. You are well aware of the falsities contained therein and their serious nature. The document that was sent in your response as evidence of your agencies position states I committed the offense of official oppression. The document asserts the guilt of myself and my former investigators of at least four separate crimes, all of which would be considered crimes of moral turpitude and of official misconduct.

The damage caused by the publication of this document or information contained in it cannot be overstated. You republished the grossly inaccurate statements in the report through your attorney as "facts" to rebut Mr. Olivarez's complaints for the sole and express purpose of impugning the personal and professional reputation of Olivarez to discredit his complaint and to cause him, Mercer, and myself harm. The false statement(s) that you intentionally republished accused myself, Joshua Olivarez, and Dwayne Mercer of crimes, of being liars and fraudsters, and that I engaged in oppressive conduct for personal reasons at my former career as an elected state prosecutor. These type of statements are considered by the law to be highly defamatory, In Texas, these kind of statements are called "defamation per se" given the gravity of the allegations and the damage they could cause a person. Harm is presumed by the mere publishing of the false and egregious statements by a tortfeasor (you). Your conduct has caused myself and my clients Olivarez and Mercer to suffer:

Reputational harm;

Harm to the parties business/professional interests;

Harm to the parties character and reputation; and

Substantial harm to the parties health and emotional distress

I hereby make immediate demand that you immediately cease and desist from making any and all further false statements against the undersigned, Joshua Olivarez, and Dwayne Mercer, and also draft a retraction and forward it to all parties which you have released this information. Finally, I demand a written personal apology from you for your actions to myself and my clients.

Additionally, in the interest of expediency and avoiding costs associated with litigation, I offer you and the officials of Wilson County an opportunity to sit down and resolve these claims. To accept this offer, please confirm your willingness to negotiate and propose dates upon which you and Wilson County officials will make themselves available.

Filed
3/2/20[illegible] 2:36 AM
Deborah Bryan
Wilson County
District Clerk

In closing, if you do not take the foregoing actions, I will have no other recourse but to examine additional legal options against you and your co-accomplices on behalf of myself and my clients. **Despite what you may believe, you and others acting under your direction enjoy no immunity from suit for these actions. Qualified or otherwise.** The Supreme Court of the United States has squarely decided this previously. Additionally, these actions are so far outside of the scope of a Sheriff's duties, immunity from suit cannot [successfully] be asserted as a shield for your and your subordinates conduct.

Please inform me of your decision no later than thirty days after receipt of this correspondence so that the undesigned may initiate appropriate legal action. If necessary, I will seek all available damages and remedies available at law to protect myself and my clients. Please govern yourself accordingly. I remain,

Respectfully,

Tom Caldwell,
Individually, and as Counsel for
Joshua Olivarez and Dwayne Mercer.

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

# Second Notice sent 02/19/2026

Filed
3/2/2026 2:56 AM
Deborah Bryan
Wilson County
District Clerk

**From:** **Tom Caldwell** tomcaldlaw@gmail.com
**Subject:** CVW2601026, Olivarez v. Garza
**Date:** February 19, 2026 at 00:53
**To:** myra.morris@roystonlaw.com, eservbmiller@roystonlaw.com
**Cc:** eservmmorris@roystonlaw.com
**Bcc:** Joshua Olivarez jj.olivarez@outlook.com

Counselors,

I am in receipt of the answer that you have filed on behalf of Garza, but it seems your responses and defenses are defending his employer. I am confused. Wilson County was not named. Nor were any acts alleged to be in furtherance of his official duties. I tried to stress this to you when we spoke the day of the 202 hearing. Your insistence then was predicated upon what you thought would be filed. Your answer seems to be more related to a party who is not before the court.

However, that is not the issue that I wish to address at this time. Previously, I forwarded Miss Morris a demand for retraction sent to Jim Stewart related to representations he or those acting in agency with him made to the Texas workforce commission through Miss Morris. I notified her at that time that she and possibly others were perspective witnesses in litigation involving Mr. Olivarez. Ms. Morris is definitely a witness. She was the vehicle of Mr. Stewart to spread defamatory and false material to a state agency investigating a claim of EEOC retaliation. These representations and what I like to refer to as "the most hateful advisory opinion ever," a 32 page character assassination cloaked as an official court record that an assistant prosecutor from Comal County and others creatively drafted and then issued outside of any judicial proceeding, were the primary reason the TWC immediately closed the investigation they were considering at that time.

Depending on how discovery unfolds in the instant matter, your firm might soon be parties. Contrary to popular governmental attorney opinion, Intentional and tortuous conduct of a public actor is not excused when it is delivered through an attorney. Since Ms. Morris offered written and oral representations to the investigator, and they were made out of court, no immunity attaches to her conduct or any others from your firm.

As yet another professional courtesy, I am notifying you I am out of town on business at the moment. I will not return until late next week. When I return, I plan to immediately start drafting the proper motion practice to bring the court up to speed about your firm's conduct and connection to the subject matter of this suit and potentially other forthcoming lawsuits thus far. To allow the Court the opportunity to consider the present situation that apparently did not seem as significant to you. In the meantime, please advise your client (Wilson County? Garza?) of our intent.

Best,

Tom Caldwell
Tom Caldwell Law PLLC
1427 3rd Street
Floresville, Texas 78114
Office: (210) 355-5874
Fax: (210) 348-3736
Email: tomcaldlaw@gmail.com

*"Aut inveniam viam aut faciam"*

This message is a privileged and confidential communication and is transmitted for the exclusive information and use of the addressee. This message may contain confidential information belonging to the sender which is protected by the attorney-client privilege. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you are not the intended recepient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone for the return of the documents. Thank you.

**From:** **Tom Caldwell** tomcaldlaw@gmail.com
**Subject:** Notification of Retraction Demand and to take measures to prevent republication, Wilson County Sheriff's Office

Filed
3/2/2026 2:36 AM
Deborah Bryan
Wilson County
District Clerk

**Date:** January 3, 2026 at 15:33
**To:** myra.morris@roystonlaw.com

Ms. Morris,

As a professional courtesy, I'm providing you the attached demand for retraction that was sent to Jim Stewart last week regarding information that was released through you to the Texas Workforce Commission that was false and defamatory about my client, Joshua Olivarez. Much of the subject matter in your response sent to Investigator Harris, that I presume was information provided to you from Mr. Stewart or his subordinates is demonstrably false.
The document that you released, which I see you procured through Texas re:SearchTX, is rife with information that is demonstrably false and criminally fraudulent. Its status as a public filing is not in dispute. This was the exact and precise intention of other actors not relevant at this time, when it was released. However, the context it has been used and how it was disseminated in the EEOC matter is what rises to defamation. The document's creation and subsequent publication in the manner it was is currently the subject of examination by several Federal agencies. For those reasons, I implore you to not release it again and to advise the same to Wilson County as well.

This is in no way an accusation or attack upon yourself or your firm. I am merely notifying you and sending you a copy for

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tom Caldwell on behalf of Tom Caldwell
Bar No. 24086154
tomcaldlaw@gmail.com
Envelope ID: 111855887
Filing Code Description: Motion (No Fee)
Filing Description: Motion to Show Authority
Status as of 3/2/2026 9:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brian Miller | 24002607 | eservbmiller@roystonlaw.com | 3/2/2026 2:36:46 AM | SENT |
| Myra Morris | 14495850 | eservmmorris@roystonlaw.com | 3/2/2026 2:36:46 AM | SENT |
| Tom Caldwell | | tomcaldlaw@gmail.com | 3/2/2026 2:36:46 AM | SENT |
| Courtney Sawhill | | courtney.sawhill@oag.texas.gov | 3/2/2026 2:36:46 AM | SENT |
| Emma Mersereau | 24144061 | emma.mersereau@oag.texas.gov | 3/2/2026 2:36:46 AM | SENT |