**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS/SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **THOMAS PAUL CALDWELL and** | § | |
| **JOSHUA JAYME OLIVAREZ** | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No.: 5:26-cv-02527** |
| **v.** | § | |
| | § | |
| **AUDREY GOSSETT LOUIS,** | § | **The Honorable Orlando L. Garcia** |
| **Individually; et al.** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO WILSON COUNTY DEFENDANT'S MOTION TO DISMISS**

To the Honorable District Judge:

## I. INTRODUCTION

The Wilson County Defendants' Motion to Dismiss asks this Court to do what Rule 12(b)(6) expressly forbids: reject Plaintiff's well-pleaded factual allegations, accept Defendants' competing version of disputed events, weigh the credibility of documents and witnesses, and resolve factual disputes before discovery has begun.

That is not the Rule 12(b)(6) standard.

At this stage, the Court is not asked to determine whether Plaintiff will ultimately prevail. Nor is the Court asked to decide whose version of the facts is more credible. The sole question is whether Plaintiff has plausibly alleged facts

that, if accepted as true, state claims upon which relief may be granted. Plaintiff has done so.

Rather than addressing the Complaint as it is actually pleaded, the Wilson County Defendants repeatedly recast Plaintiff's claims into arguments Plaintiff does not make. The Motion characterizes this action as a disagreement with investigative decisions, dissatisfaction with prosecutorial discretion, or an attempt to constitutionalize reputational harm. The Complaint alleges something fundamentally different.

Plaintiff alleges that Wilson County officials, acting under color of state law, personally participated in, directed, approved, ratified, or knowingly furthered a coordinated course of conduct that deprived Plaintiffs of rights secured by the United States Constitution. The Complaint contains detailed factual allegations describing the conduct of Sheriff Jim Stewart, Chief Deputy Clinton Garza, Lieutenant Joseph Dubs, and Wilson County itself, and alleges that those actions caused concrete constitutional injuries. Whether those allegations are ultimately proven is a matter for discovery and, if appropriate, summary judgment or trial. It is not a question to be resolved on a motion directed solely to the sufficiency of the pleadings.

The Motion also repeatedly relies upon Defendants' interpretation of documents referenced in the Complaint while disregarding Plaintiff's allegations

concerning those same documents. Plaintiffs do not adopt the truth of disputed factual assertions contained within those documents merely because they are referenced or attached to the Complaint. To the contrary, the Complaint expressly alleges that certain documents—including the McCrary-authored accusatory materials—are themselves part of the constitutional violations alleged in this action. Defendants cannot convert disputed factual assertions contained in those documents into judicial admissions through a Rule 12(b)(6) motion.

The fact that a document is attached to or referenced in a complaint does not require the Court to accept the truth of the document's contents where the Complaint expressly alleges that the document itself is false, misleading, fabricated, or forms part of the constitutional violation. The Court may consider the existence of such documents at the pleading stage, but it may not resolve factual disputes regarding their truthfulness, meaning, purpose, or legal effect in Defendants' favor.

Likewise, Defendants' arguments concerning qualified immunity, municipal liability, causation, and personal involvement all depend upon accepting Defendants' version of disputed facts rather than the factual allegations pleaded by Plaintiff. Those arguments may be appropriate after the factual record has been developed. They are not a basis for dismissal under Rule 12(b)(6).

Ultimately, the Wilson County Defendants ask the Court to decide factual issues that belong to discovery, summary judgment, or trial. Because the Complaint contains detailed factual allegations that plausibly state claims under 42 U.S.C. § 1983 against each Wilson County Defendant, the Motion to Dismiss should be denied in its entirety.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal only where a complaint fails to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the Court must accept all well-pleaded factual allegations as true, construe those facts in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

A complaint need not prove the plaintiff's claims. It need only contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability, nor does Rule 8 require detailed evidentiary pleading. Rather, the Complaint need only provide fair notice of the claims asserted and the grounds upon which those claims rest.

The Fifth Circuit has repeatedly emphasized that, at the pleading stage, courts may not weigh competing factual narratives, resolve credibility disputes, or determine whose version of disputed events is more persuasive. Those

determinations belong to later stages of litigation after the parties have had an opportunity to conduct discovery.

This principle applies with equal force where defendants assert qualified immunity. Although qualified immunity is intended to protect public officials from unnecessary litigation, it does not authorize a court to disregard well-pleaded factual allegations or resolve disputed facts in favor of defendants on a Rule 12(b)(6) motion. The Court's task remains the same: determine whether the Complaint plausibly alleges the violation of clearly established constitutional rights, assuming the truth of Plaintiff's factual allegations.

The Court likewise may not resolve competing interpretations of documents referenced in the Complaint where Plaintiff expressly disputes the truthfulness, accuracy, purpose, or legal significance of those documents. At the pleading stage, factual disputes regarding documentary evidence must be resolved in Plaintiff's favor, not Defendants'.

The Complaint alleges, in substantial factual detail, that the Wilson County Defendants personally participated in conduct that violated each Plaintiff's constitutional rights. Whether Defendants ultimately dispute those allegations is immaterial at this stage. Accepting the Complaint's allegations as true—as this Court must—the Complaint plausibly states claims for relief under 42 U.S.C. § 1983. The Motion to Dismiss should therefore be denied.

## III. THE WILSON COUNTY DEFENDANTS' MOTION MISCHARACTERIZES THE COMPLAINT AND IGNORES THE ALLEGATIONS ACTUALLY PLED.

The Wilson County Defendants' Motion repeatedly narrows and reframes Plaintiffs' allegations into a substantially different case than the one actually pleaded. Rather than addressing the constitutional violations alleged in the Complaint, Defendants characterize this action as involving only dissatisfaction with investigative decisions, reputational harm, or disagreement with prosecutorial discretion. The Complaint alleges something materially different.

The Complaint alleges, among other things, that:

- Wilson County officials Stewart, Garza, and Dubs knowingly participated in a coordinated effort to substantiate and expand an investigation after it became apparent that no prosecutable criminal case existed against Plaintiffs Caldwell or Olivarez;
- Wilson County officials Stewart, Garza, and Dubs communicated with Co-Defendant prosecutors and investigators concerning Plaintiffs Caldwell and Olivarez throughout the investigation;
- Wilson County officials Stewart, Garza, and Dubs received, adopted, published, or used the McCrary-authored accusatory materials concerning Plaintiffs Caldwell and Olivarez after prosecution had been declined and no indictment, information, or complaint was filed;

- Defendant Joseph Dubs received and utilized the McCrary-authored accusatory materials against Plaintiff CALDWELL in pending civil litigation;
- Sheriff Jim Stewart, acting as the final policymaker for the Wilson County Sheriff's Office, personally participated in conduct affecting Plaintiffs Caldwell and Olivarez and ratified the conduct of subordinate officials; (Complaint ¶¶ 46-47, 60-80, 244-246,449-469)
- Wilson County officials knowingly made or adopted false factual representations concerning Plaintiffs Caldwell and Olivarez while disregarding contrary evidence known to them; and
- The actions of Wilson County Defendants Stewart, Garza, and Dubs caused concrete constitutional injuries to Plaintiffs Caldwell and Olivarez that continued after no criminal prosecution was initiated.

Those allegations are not legal conclusions. They are factual allegations concerning participation, coordination, knowledge, causation, policymaking, publication, and use. At this stage, they must be accepted as true. Each of these allegations is supported by specific factual allegations contained throughout the Complaint. None depends upon speculation, collective pleading, or legal conclusions unsupported by factual content.

The Motion repeatedly avoids those allegations by recasting the case as if Plaintiff merely complains that an investigation occurred or that statements damaged his reputation. That framing strips the Complaint of its central allegations: that Wilson County actors participated in and benefited from a broader course of unconstitutional conduct, including the use and republication of accusatory governmental materials after no criminal prosecution was initiated.

The Court should therefore evaluate the Motion against the Complaint actually filed—not against the narrower pleading Defendants describe. Once the Complaint is read as pleaded, Defendants' arguments concerning personal participation, causation, municipal liability, immunity, and constitutional injury depend on factual disputes that cannot be resolved at this stage.

## IV. THE WILSON COUNTY DEFENDANTS MISSTATE THE SUBSTANTIVE LAW GOVERNING PLAINTIFFS' CLAIMS.

The Wilson County Defendants' Motion repeatedly characterizes Plaintiffs' claims in a manner that bears little resemblance to the claims actually asserted in the Complaint. Rather than addressing the constitutional violations alleged, the Motion reframes the Complaint as asserting theories of liability that Plaintiffs have neither pleaded nor advanced.

Throughout the Motion, Defendants argue as though Plaintiffs seek to impose liability merely because an investigation occurred, because government

officials communicated with one another during that investigation, or because supervisory officials occupied positions of authority. Those are not Plaintiffs' claims.

Instead, Plaintiffs allege that identified Wilson County officials personally engaged in conduct that violated clearly established constitutional rights and that those actions were undertaken in coordination with specifically identified Co-Defendants employed by other governmental entities. Liability is alleged because of what these Defendants allegedly did—not because of the offices they held.

The Complaint does not allege liability based upon status, job title, or employment relationship. Nor does it seek to impose municipal liability under a theory of respondeat superior. Rather, the Complaint alleges that individual Wilson County Defendants personally participated in unconstitutional conduct and that Defendant Jim Stewart, acting as the final policymaker for the Wilson County Sheriff's Office, ratified and approved conduct attributable to Wilson County.

Likewise, Plaintiffs do not challenge the mere existence of a criminal investigation. Government officials unquestionably possess the authority to investigate alleged criminal conduct and, where appropriate, to seek criminal prosecution. The constitutional violations alleged here arise from what Defendants allegedly did after the investigation failed to produce a prosecutable criminal case.

Specifically, the Complaint alleges that Wilson County Defendants continued coordinating with Co-Defendants after it became apparent that no indictment, complaint, information, or other criminal proceeding would be initiated against Plaintiffs Caldwell or Olivarez. Rather than allowing the matter to conclude, the Complaint alleges that Defendants participated in the continued development, adoption, dissemination, and use of the McCrary-authored accusatory materials outside any judicial proceeding.

For example, the Complaint alleges that Defendant Stewart personally participated in events giving rise to Plaintiffs' claims, made or adopted materially false factual representations concerning Plaintiff Caldwell, ratified the conduct of subordinate officials, and exercised final policymaking authority for the Wilson County Sheriff's Office with respect to the challenged conduct.

Similarly, the Complaint alleges that Defendant Dubs received and affirmatively utilized the McCrary-authored accusatory materials concerning Plaintiff Caldwell during pending civil litigation after criminal prosecution had been declined and no criminal charges were filed, thereby extending the constitutional injuries alleged in the Complaint beyond the investigative phase.

The Complaint further alleges that Wilson County Defendants Stewart, Garza, and Dubs communicated and coordinated with Co-Defendants Louis, Tharp, McCrary, Frazier, and Dickerman concerning Plaintiffs Caldwell and

Olivarez throughout the investigation and thereafter, despite the absence of any pending criminal prosecution.

These allegations are pleaded in detail throughout the Complaint. (Complaint ¶¶ 5-18, 78-84, 223-237). Whether Defendants dispute those allegations presents factual questions inappropriate for resolution under Rule 12(b)(6). These allegations describe affirmative conduct undertaken by identified Defendants. They do not seek to impose liability merely because Defendants occupied governmental positions or participated in an investigation.

Accordingly, significant portions of the Wilson County Defendants' Motion attacks legal theories Plaintiffs have not asserted, while failing to address the constitutional violations actually alleged. Rule 12(b)(6) does not authorize dismissal based upon a reframed version of Plaintiffs' claims.

## V. THE COMPLAINT SPECIFICALLY ALLEGES THE PERSONAL INVOLVEMENT OF EACH WILSON COUNTY DEFENDANT.

The Wilson County Defendants repeatedly contend that the Complaint fails to allege the personal involvement of individual Defendants and instead relies upon generalized or collective allegations. The Complaint alleges precisely the opposite.

Section 1983 imposes liability only upon those individuals who personally participate in the deprivation of constitutional rights or whose own conduct is causally connected to the alleged constitutional injury. The Complaint satisfies that

standard by alleging specific actions undertaken by each Wilson County Defendant and by explaining how those actions contributed to the constitutional violations suffered by Plaintiffs Caldwell and Olivarez.

***A. Defendant Jim Stewart***

The Complaint does not seek to hold Defendant Stewart liable merely because he served as Sheriff of Wilson County.

Rather, the Complaint alleges that Stewart personally met with Plaintiff Caldwell during the early stages of the underlying events, received information directly from Caldwell concerning matters relevant to his department and subsequently the criminal investigation launched by Defendant Louis and passed to Defendant Tharp. The Complaint further alleges that Stewart later made materially inconsistent factual representations concerning those same events despite his prior personal knowledge. (Complaint ¶¶ 60-80, 457-463). When questioned as a witness in the Louis-initiated investigation, Stewart adopted materially inconsistent factual representations regarding those events, and permitted investigative activities to continue despite possessing information that undermined the accusations being developed against Plaintiffs.

The Complaint further alleges that Stewart acted as the final policymaker for the Wilson County Sheriff's Office, ratified the conduct of subordinate officials, to

wit: Co-Defendants Garza and Dubs, and participated in decisions that contributed to the continuing constitutional injuries alleged by Plaintiffs.

These allegations concern Stewart's own conduct, decisions, and ratification. They do not seek to impose liability based solely upon supervisory status.

***B. Defendant Joseph Dubs***

The Complaint likewise alleges specific conduct attributable to Defendant Dubs.

Plaintiffs allege that Dubs worked with Co-Defendants Stewart, Garza, and Louis to contrive a criminal complaint against Caldwell, which provided the impetus for Defendant Louis to initiate a grand jury investigation. When questioned as a witness in the Louis-initiated investigation, Dubs adopted materially inconsistent factual representations regarding those events, and permitted investigative activities to continue despite possessing information that undermined the accusations being developed against Plaintiffs.

The Complaint further alleges that, after criminal prosecution had been declined and it was clear no criminal charges would be filed, Defendant Dubs received the McCrary-authored accusatory materials concerning Plaintiff Caldwell and thereafter utilized those materials during pending civil litigation. (Complaint ¶¶ –123, 371, 164, 174-177). Plaintiffs allege that these actions further

disseminated official accusations outside any criminal proceeding and contributed directly to the continuing constitutional injuries suffered by Plaintiff Caldwell.

Again, these allegations concern Dubs' own actions—not the actions of others.

***C. Defendant Clinton Garza***

The Complaint alleges that Defendant Garza personally participated in the handling and communication of investigative information concerning Plaintiffs Caldwell and Olivarez and coordinated with Co-Defendant Tharp and company and Dickerman during the continuation of the investigation and after Dickermans investigation had concluded.

The Complaint further alleges that Garza's conduct formed part of the coordinated effort through which accusatory information continued to be developed, communicated, or relied upon after it became apparent that no prosecutable criminal case would be initiated.

Whether Defendant Garza disputes those factual allegations is immaterial at the pleading stage. Rule 12(b)(6) requires that they be accepted as true.

***D. Wilson County***

The Wilson County Defendants also argue that the Complaint fails to connect the County itself to the alleged constitutional violations. That argument

overlooks the Complaint's allegations that Stewart acted as the final policymaker for the Wilson County Sheriff's Office with respect to the challenged conduct.

The Complaint alleges that Stewart also personally participated in the events giving rise to Plaintiffs' claims, ratified the conduct of subordinate officials, and exercised final policymaking authority in a manner that rendered his decisions attributable to Wilson County itself.

The Motion asks the Court to reject these factual allegations and instead accept Defendants' competing characterization of Stewart's authority, participation, and ratification. Those issues present classic factual disputes that cannot properly be resolved before discovery.

Those allegations are sufficient at the pleading stage to permit Plaintiffs' municipal liability claims to proceed.

The Wilson County Defendants' disagreement with those allegations presents factual disputes—not pleading deficiencies. Because the Complaint specifically identifies the conduct attributed to each Wilson County Defendant and explains how that conduct allegedly violated Plaintiffs' constitutional rights, dismissal under Rule 12(b)(6) is unwarranted.

## VI. THE COMPLAINT PLAUSIBLY ALLEGES MUNICIPAL LIABILITY AGAINST WILSON COUNTY.

The Wilson County Defendants next contend that Plaintiffs have failed to allege a basis for municipal liability under 42 U.S.C. § 1983. That argument mischaracterizes both the Complaint and the governing law.

Plaintiffs do not seek to hold Wilson County liable solely because it employed individual Defendants. Nor do Plaintiffs rely upon a generalized theory of respondeat superior. Instead, the Complaint alleges that Defendant Jim Stewart, acting as the elected Sheriff of Wilson County and the final policymaker for the Wilson County Sheriff's Office, personally participated in the challenged conduct and ratified the conduct of subordinate officials. Stewarts actions and his endorsement of the illegal conduct of his subordinates are what is at issue.

Municipal liability under § 1983 may arise where a constitutional violation is caused by the decision or ratification of an official possessing final policymaking authority in the relevant area of governmental responsibility. The Complaint alleges precisely that.

Specifically, the Complaint alleges that Defendant Stewart:

- Personally received information directly from Plaintiff Caldwell concerning matters central to the investigation, to wit: misconduct involving false statements and or the fabrication of fasle government records by Dubs and or Garza, and of EEOC complaints about both Wilson County Co-Defendants;

- Thereafter made or adopted materially inconsistent factual representations concerning those events;
- Permitted investigative activities concerning Plaintiffs Caldwell and Olivarez to continue despite information undermining the accusations being advanced;
- Ratified the conduct of subordinate officials acting within the Wilson County Sheriff's Office; and
- Exercised final policymaking authority with respect to the challenged conduct.

At the pleading stage, those allegations are sufficient to plausibly allege that Stewart's own decisions constituted official policy attributable to Wilson County.

The Complaint further alleges that these actions were not isolated acts of subordinate employees. Rather, Plaintiffs allege that Stewart's decisions and ratification directly contributed to the constitutional injuries suffered by Plaintiffs Caldwell and Olivarez.

These allegations are sufficient to state a plausible claim for municipal liability at the pleading stage.

To the extent Wilson County disputes whether Stewart possessed final policymaking authority, whether Stewart in fact ratified the challenged conduct, or

whether Stewart's actions caused Plaintiffs' constitutional injuries, those are factual disputes that cannot be resolved on a Rule 12(b)(6) motion.

Likewise, to the extent Defendants argue that Plaintiffs have not yet produced evidence establishing municipal liability, that argument misunderstands the procedural posture of this case. Rule 8 requires factual allegations sufficient to state a plausible claim—not proof. Discovery, not a motion to dismiss, is the proper mechanism for developing the evidentiary record concerning policymaking authority, ratification, causation, and municipal responsibility. Particularly where, as here, Plaintiffs allege direct participation and ratification by the County's final policymaker, Rule 8 requires plausibility—not proof.

Accepting the Complaint's well-pleaded allegations as true, Plaintiffs have plausibly alleged that Defendant Stewart acted as the final policymaker for the Wilson County Sheriff's Office and that his own actions and ratification constituted official policy attributable to Wilson County. Accordingly, Plaintiffs' municipal liability claims should proceed.

## VII. THE WILSON COUNTY DEFENDANTS IMPROPERLY RELY UPON THEIR OWN INTERPRETATION OF DISPUTED DOCUMENTS AND FACTS.

Throughout their Motion, the Wilson County Defendants repeatedly rely upon their own interpretation of documents referenced in or attached to the Complaint and ask the Court to accept those interpretations as true. That approach

misunderstands the Rule 12(b)(6) standard and the manner in which documentary exhibits are considered at the pleading stage.

Plaintiffs do not dispute that the Court may consider documents incorporated into the Complaint by reference. What Defendants seek, however, is something fundamentally different. They ask the Court to accept the factual assertions contained within those documents as true, disregard Plaintiffs' allegations that many of those documents are themselves false, misleading, fabricated, or constitutionally significant, and resolve competing factual inferences in Defendants' favor.

Rule 12(b)(6) permits no such analysis.

The Complaint expressly alleges that certain governmental documents—including the McCrary-authored accusatory materials prepared after the decision not to initiate criminal proceedings—constitute part of the constitutional violations alleged in this action. Plaintiffs do not attach or reference those documents to establish the truth of the factual assertions contained within them. Rather, Plaintiffs rely upon them because they demonstrate what Defendants created, approved, adopted, disseminated, and used after no criminal prosecution was initiated. (relevant Complaint sections and exhibits in support).

Accordingly, Defendants cannot transform disputed factual assertions contained within those documents into judicial admissions simply because the

documents are referenced in the Complaint. Whether the factual assertions contained within those documents are true, false, misleading, incomplete, or intentionally fabricated presents factual disputes that cannot be resolved on a Rule 12(b)(6) motion.

The Wilson County Defendants repeatedly invite the Court to conclude that the McCrary-authored accusatory materials accurately describe historical events, accurately characterize witness credibility, and accurately reflect Plaintiffs' conduct. The Complaint alleges precisely the opposite. Accepting Plaintiffs' well-pleaded allegations as true, as Rule 12(b)(6) requires, the Court cannot resolve those competing factual narratives in Defendants' favor.

Likewise, Defendants repeatedly rely upon their own interpretation of communications, investigative materials, and governmental records while disregarding Plaintiffs' allegations concerning the same documents. Whether those documents support Defendants' interpretation or Plaintiffs' interpretation presents classic factual disputes requiring discovery and, if appropriate, resolution on summary judgment or at trial.

This Court's task at the pleading stage is considerably narrower. The Court need only determine whether the Complaint plausibly alleges constitutional violations. It does not determine which party's interpretation of disputed documents is ultimately correct.

Accordingly, the Wilson County Defendants' repeated reliance upon disputed documentary evidence provides no basis for dismissal under Rule 12(b)(6).

## VIII. THE WILSON COUNTY DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY AT THE PLEADING STAGE.

The Wilson County Defendants likewise contend that they are entitled to qualified immunity. At this stage of the litigation, however, qualified immunity does not alter the Rule 12(b)(6) standard.

Although qualified immunity protects public officials performing discretionary functions from liability where their conduct does not violate clearly established constitutional rights, it does not permit a court to reject well-pleaded factual allegations, resolve disputed facts in favor of defendants, or credit defendants' competing factual narrative over the allegations contained in the Complaint.

The question before the Court is therefore a limited one: assuming the truth of Plaintiffs' factual allegations, do those allegations plausibly state the violation of clearly established constitutional rights?

Here, they plainly do.

The Complaint alleges that Wilson County Defendants Stewart, Garza, and Dubs personally participated in a coordinated course of conduct with Co-

Defendants Louis, Tharp, McCrary, Frazier, and Dickerman that extended beyond a criminal investigation and continued after no indictment, information, complaint, or other criminal proceeding was initiated against Plaintiffs Caldwell or Olivarez. (Complaint ¶¶ 223-237, 259-266, 294,348, 393, 397, 436, 440, and 503).

More specifically, Plaintiffs allege that:

- Defendant Stewart personally participated in events giving rise to Plaintiffs' claims, knowingly made or adopted materially false factual representations, ratified the conduct of subordinate officials, and acted as the final policymaker for the Wilson County Sheriff's Office with respect to the challenged conduct;
- Defendant Garza knowingly participated in the handling, communication, and continuation of investigative activities concerning Plaintiffs Caldwell and Olivarez despite information undermining the accusations being advanced;
- Defendant Dubs received, adopted, published, and utilized McCrary-authored accusatory materials concerning Plaintiff Caldwell after no criminal proceeding had been initiated and further disseminated those materials through civil litigation; and

- Wilson County Defendants communicated and coordinated with Co-Defendants concerning Plaintiffs Caldwell and Olivarez throughout the investigation and thereafter, despite the absence of any pending criminal prosecution.

The coordinated conduct of Wilson County Defendants caused continuing constitutional injuries to Plaintiffs Caldwell and Olivarez.

Accepting those allegations as true, the Complaint plausibly alleges that Wilson County Defendants personally participated in conduct violating clearly established constitutional rights secured by the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

Rather than accepting those allegations as true, Defendants again ask the Court to conclude that their communications were innocent, that their actions were objectively reasonable, that their participation was legally insignificant, and that their interpretation of disputed documents should be accepted over Plaintiffs' allegations.

Each of those arguments depends upon factual determinations that cannot properly be resolved on a Rule 12(b)(6) motion.

Whether Defendants acted reasonably, whether they knowingly participated in the alleged constitutional violations, whether they acted in concert with Co-

Defendants, whether Defendant Stewart ratified unconstitutional conduct, and whether Defendant Dubs knowingly utilized McCrary-authored accusatory materials outside any criminal proceeding are all factual questions that must await discovery.

At this stage, Plaintiffs have plausibly alleged that each Wilson County Defendant violated clearly established constitutional rights through his own actions. Qualified immunity therefore provides no basis for dismissal.

## IX. THE COMPLAINT PLAUSIBLY ALLEGES A COORDINATED COURSE OF CONDUCT AMONG THE WILSON COUNTY DEFENDANTS AND CO-DEFENDANTS.

Throughout their Motion, the Wilson County Defendants attempt to compartmentalize the conduct alleged in the Complaint by analyzing each Defendant in isolation and treating individual events as unrelated occurrences. The Complaint alleges precisely the opposite.

Plaintiffs do not allege a series of disconnected acts committed independently by unrelated governmental actors. Rather, the Complaint alleges that Wilson County Defendants Stewart, Garza, and Dubs acted in coordination with Co-Defendants Louis, Tharp, McCrary, Frazier, and Dickerman throughout the investigation of Plaintiffs Caldwell and Olivarez and thereafter. (Complaint ¶¶ 8, 11, 35, 223-237).

Specifically, the Complaint alleges that:

- Wilson County Defendants communicated with Co-Defendants concerning Plaintiffs Caldwell and Olivarez throughout the investigation;
- Information, investigative materials, and accusatory governmental materials were shared among multiple governmental actors across county and state offices;
- At no time did any Wilson County Defendants communicate to any Co-Defendants information concerning the ongoing EEOC and other complaints of misconduct they were aware Plaintiffs had received or was involved in the investigation of;
- Wilson County Defendants continued participating in that coordinated course of conduct after it became apparent that no indictment, information, complaint, or other criminal proceeding would be initiated against Plaintiffs Caldwell and Olivarez;
- Defendant Stewart, acting as final policymaker for the Wilson County Sheriff's Office, knowingly ratified the conduct of subordinate officials while personally participating in events giving rise to Plaintiffs' claims;

- Defendant Dubs received, adopted, published, and utilized McCrary-authored accusatory materials concerning Plaintiff Caldwell after no criminal proceeding had been initiated; and
- Defendant Garza continued participating in communications and investigative activities that allegedly furthered the constitutional injuries suffered by Plaintiffs

These allegations are neither speculative nor conclusory. They identify specific governmental actors, describe the conduct allegedly undertaken by each, explain how those actions intersected with one another, and allege that the resulting constitutional injuries flowed from the combined conduct of the participating Defendants.

The Wilson County Defendants' Motion instead attempts to isolate each allegation from its factual context and argue that no single allegation, viewed independently, establishes liability. That is not the pleading standard.

Rule 8 requires the Court to evaluate the Complaint as a whole, not as a series of disconnected factual allegations. When read in its entirety, the Complaint plausibly alleges that the challenged constitutional injuries arose from an ongoing and coordinated course of conduct involving multiple governmental actors acting under color of state law.

Whether Plaintiffs ultimately prove that coordinated conduct is a question for discovery and later stages of this litigation. At the pleading stage, however, Plaintiffs have alleged sufficient factual matter to permit a reasonable inference that Wilson County Defendants knowingly participated in the conduct giving rise to Plaintiffs' constitutional claims.

Accordingly, the Wilson County Defendants' attempt to isolate individual actions from the broader factual context alleged in the Complaint provides no basis for dismissal under Rule 12(b)(6).

## X. CONCLUSION

The Wilson County Defendants' Motion asks this Court to do what Rule 12(b)(6) does not permit. Rather than accepting the Complaint's well-pleaded factual allegations as true, Defendants repeatedly invite the Court to adopt Defendants' competing version of disputed events, credit Defendants' interpretation of disputed documents, resolve questions of intent, knowledge, participation, causation, and policymaking authority in Defendants' favor, and dismiss Plaintiffs' claims before discovery has commenced.

That is not the function of Rule 12(b)(6).

The Complaint identifies specific Wilson County Defendants, alleges the conduct personally attributable to each, describes how those actions were

coordinated with identified Co-Defendants, and alleges that such conduct deprived Plaintiffs Caldwell and Olivarez of rights secured by the Constitution of the United States. Whether Plaintiffs ultimately prove those allegations is a question for discovery, summary judgment, or trial—not for resolution on the pleadings.

Accepting the Complaint's factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor, as the Federal Rules require, Plaintiffs have plausibly alleged claims for relief under 42 U.S.C. § 1983 against each Wilson County Defendant and against Wilson County itself.

Accordingly, Plaintiffs respectfully request that the Court deny the Wilson County Defendants' Motion to Dismiss in its entirety and grant Plaintiffs such other and further relief to which they may be justly entitled.

Respectfully submitted this 29th day of June, 2026.

By: /s/ [signature]

Tom Caldwell
Attorney in charge for Plaintiffs
Texas Bar No. 24086154
Tom Caldwell Law PLLC
1427 3rd St.
Floresville, Texas 78114
Tel. (210) 355-5874
Fax. (210) 348-3736
Email: tomcaldlaw@gmail.com

**Certificate of Service**

I certify that this document was served on all counsel of record, shown below, using the CM/ECF system, on June 29, 2026.

Emma Mersereau
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
*Counsel for defendant Gregory Dickerman*

Michael Shaunessy
Adam Lowe
Michael Best & Friedrich LLP
515 Congress Avenue, Suite 2500
Austin, TX 77001
*Counsel for defendants Comal County, Jennifer Tharp, Sammy McCrary, and Jessica Frazier*

Brian Miller
Royston Razor
802 N. Carancahua, Suite 1300 Corpus Christi, TX 78401
*Counsel for defendant Wilson County*

Bill Helfand
Randy Lopez
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, TX 77046
*Counsel for defendant Audrey Louis*

*/s/*
Tom Caldwell
Pro se and Counsel for Plaintiff Olivarez