IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS PAUL CALDWELL, JOSHUA JAYME OLIVAREZ,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 5:26-cv-02527-OLG |
| | § | |
| AUDREY GOSSETT LOUIS, ET AL.<br>Defendants. | §<br>§<br>§ | JURY |

DISTRICT ATTORNEY AUDREY GOSSETT LOUIS'
REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS [ECF NO.26]

Plaintiffs' response [ECF No.30], 26 pages over the permitted limit[1], impermissibly attempts to interject new factual assertions in an attempt to revive a deficient complaint, but in doing so merely highlights Plaintiffs' pleading failures and absent legal basis for their rote claims requiring dismissal.

**PLAINTIFFS MAY NOT INTERJECT NEW FACTUAL ASSERTIONS THROUGH THEIR RESPONSE BRIEF**

"[C]ourts 'may not consider new factual allegations made outside the complaint' when ruling on a motion to dismiss." *FrameTech LLC v. BMC Software Inc.*, No. 4:23-CV-03837, 2025 U.S. Dist. LEXIS 275109, at *3 (S.D. Tex. 2025) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Plaintiffs impermissibly interject new assertions in their brief, none of which are supported by any factual allegation in the complaint. The Court should ignore these. *Compare* ECF No. 30, at pp. 11, 15, 19-22, 24, 28, 30-33, 35-36, 39, 42 (Louis became personally involved in administrative and investigative matters before any criminal prosecution existed,

[1] Western District of Texas Local Rule CV(7)(d)(3) limits a response to a motion to 20 pages.

participated in matters involving Wilson County personnel issues, coordinated with non-prosecutorial governmental actors, participated in efforts to obtain governmental communications outside ordinary judicial process, and helped establish the investigative course that later resulted in the constitutional injuries alleged throughout the Complaint.). These assertions are not summation of facts alleged in the original complaint, but rather an impermissible attempt to interject *new* factual assertions which merely highlight Plaintiffs' pleading deficiencies. *See Dorsey*, 540 F.3d at 338.

Moreover, "where plaintiffs bring new factual allegations, rather than new legal claims, in a response brief [to a motion to dismiss], the district court is under no obligation to treat those allegations as a motion to amend." *Lugo v. Barr*, No. EP-19-CV-353-KC, 2020 U.S. Dist. LEXIS 257147, at *18 (W.D. Tex. 2020) (citing *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 793 n.2 (5th Cir. 2014). Plaintiffs refused the opportunity to amend their complaint after Defendants sent a joint letter to Plaintiff's counsel in compliance with the Court's administrative procedure I(A) and Western District local rule CV-7 (G), and this Court need not treat Plaintiffs' pleading failures as a motion to amend.

## I. Plaintiffs did not remotely address what "injury" Plaintiffs sustained necessary for a First Amendment claim and thus abandoned that claim.

1. A "[p]laintiff abandons claims when [Plaintiffs] fail[] to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Despite 26 additional pages of briefing, Plaintiffs do not even remotely respond to any "injury" either Plaintiffs sustained as necessary to state a claim for a First Amendment violation and Plaintiffs arguably abandoned that claim as a result. *See id*; *see also* ECF No. 30.

2. At best, Plaintiffs respond by making a conclusory assertion that "governmental publications accusing Plaintiffs of criminal misconduct," [ECF No. 30, at p.24] but Plaintiffs later concede "[t]he Complaint does not allege that Louis personally authored every later publication." ECF No. 30, at p.24. Indeed, both Plaintiffs fail to identify any "publication" that could be the basis of this claim. It is entirely unclear –no facts are alleged— how D.A. Louis could have caused an "interference with employment and professional opportunities." ECF No. 30, at p.16, if D.A. Louis did not author the publications Plaintiffs make the basis of their claim. Even less so is Plaintiff Caldwell's lack of employment attributable to D.A. Louis because Plaintiff Caldwell concedes he "decided to not run for reelection as the Wilson County Attorney and to instead run against [district attorney] Louis for her office, the 81st Judicial District Attorney." ECF No. 1 at ¶115. An election Caldwell lost because of the votes cast by the voters of the 81st Judicial District, not D.A. Louis. *Id* at ¶123.

3. Plaintiff Olivarez fares no better as the complaint is barren of any facts which even suggest, let alone show, District Attorney Louis took any action which affected Olivarez's decision to *voluntarily* resign from Bee County. ECF No. 1 at ¶¶134-139. And, as the Court is well-aware, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). None of these scant assertions, even if true, make out a factual scenario in which District Attorney Louis personally violated any Plaintiff's rights.

## II. Plaintiffs Fourteenth Amendment "stigma plus" claim fails for the same reasons as Plaintiffs First Amendment claim.

4. Plaintiffs' regurgitate the exact same flawed argument for their First Amendment claim *again* for their Fourteenth Amendment, "stigma plus" claim when they state "governmental officials ultimately published official accusatory documents identifying Plaintiffs as having committed criminal offenses." ECF No. 30, at p.23. But as discussed *supra*, Plaintiffs concede

"[t]he Complaint does not allege that Louis personally authored every later publication" [ECF No. 30, at p.24]. Indeed, Plaintiffs do not identify any publication authored by D.A. Louis that was not in her prosecutorial role and violated a constitutional right. Thus Plaintiffs cannot allege facts which plausibly suggest D.A. Louis, who-at best- authored only a recusal *motion* [ECF No. 1-2, at p. 45] which she would be entitled to absolute immunity *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)(absolute immunity for prosecutor filing charging instruments), "interfered with existing employment, prospective employment, professional opportunities, public service, civil litigation, licensing interests and professional reputation." ECF No. 30, at p.24. Further fatal to his claims, Plaintiff Caldwell concedes he chose to resign his then current elected office to pursue a different elected office, a pursuit which ultimately failed as determined by the electorate. ECF No. 1 at ¶115, 123. This Court need not entertain the same failed argument and dismiss this claim.

5. Although not identified in his original complaint, Plaintiff Caldwell now adds for the first time in his response brief that Plaintiffs suffered unspecified "civil litigation [and equally unspecified] licensing interests " which are not even remotely described to plausibly allege an injury even if Plaintiffs had raised those purported property interests in his original complaint. ECF No. 30, at p.24. Aside from the instant civil litigation made the basis of this suit, which Plaintiffs themselves initiated, Plaintiffs fail to allege any facts to identify other civil litigation which could plausibly be attributed to any non-prosecutorial again by D.A. Louis. None. Assuming, *arguendo*, the licensing issues Plaintiff Caldwell faces are with the State Bar of Texas, Plaintiff Caldwell does not attribute that complaint to D.A. Louis to support a "stigma plus," claim under the Fourteenth Amendment. Even if so, "[s]elf-regulation of the legal profession requires that members of the profession initiate disciplinary investigations when they have knowledge not protected by Rule 1.05 that a violation of these rules has occurred" imposing a duty on D.A. Louis,

and any other Texas licensed attorney, to report such misconduct to the appropriate disciplinary authority. Tex. Disciplinary R. Prof. Conduct 8.03, at Comment 1.

6. Plaintiff Olivarez, on the other hand, completely fails to allege facts which show how or why he was forced to retire, let any personal involvement of District Attorney Louis in "forcing Olivarez to retire," both of which are necessary to state a claim both generally and against District Attorney Louis individually.

## III. Plaintiffs Fourteenth Amendment due process claim still fails

7. Seemingly undeterred to push this repeated, albeit unsuccessful argument, Plaintiff *again* claims a due process deprivation based on the "disseminat[ion] official governmental documents declaring Plaintiffs had engaged in criminal conduct and ethical misconduct." ECF No. 30, at p.27. But again, even if *arguendo*, that legal position had any basis in the law—it does not as Plaintiffs cite none—Plaintiffs have already abandoned that assertion against D.A. Louis as "[t]he Complaint does not allege that Louis personally authored every later publication" [ECF No. 30, at p.24].

8. More importantly, "[t]he threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." which Plaintiffs cannot show based on Plaintiffs Monday morning regrets of Plaintiff Caldwell foregoing his elected office to pursue a failed campaign for a separate elected office, and Plaintiff Olivarez's voluntarily resignation based on no factual allegations which concern D.A. Louis. *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir.2009). "Without such an interest, no right to due process accrues" and this claim fails. *Id*; *see also Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972).

## IV. Plaintiff fails to allege facts to state a Fourth Amendment claim.

9. Plaintiffs incoherent, rambling, response brief fails to identify a Fourth Amendment "search" or "seizure" for the admitted non-prosecution of either Plaintiff, in which D.A. Louis

took no part in. The Court need not waste its time with this frivolous claim. *See Terry v. Ohio*, 392 U.S. 1, 16(1968); *California v. Hodari D.*, 499 U.S. 621, 624 (1991); *see also Brower v. Inyo County*, 489 U.S. 593, 596 (1989). Plaintiffs' attempt to state a malicious prosecution claim fails for the same reasons because "[t]o succeed on such a claim, a plaintiff must show that a government official **charged him** without probable cause, leading to an unreasonable **seizure** of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024).

## V. Plaintiff does not plausibly allege a conspiracy

10. "In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). The word "conspiracy" is mentioned twice in Plaintiffs' complaint [ECF No. 30, at ¶¶11, 33], but not otherwise identified based on *any facts* alleged against any defendant. *Id*. If, *arguendo*, Plaintiffs make such a claim now in their response brief, not permitted under *Dorsey*, 540 F.3d at 338, Plaintiffs identify only one paragraph "specifically against Louis in paragraph 437" for this new conspiracy claim. ECF No. 30, at p. 5-6. But paragraph 437, only mentions, albeit in the most conclusory fashion, that D.A. Louis should not be entitled to qualified immunity and the statement does not come close to alleging facts which suggest a cognizable claim of conspiracy against D.A. Louis. *see Pfannstiel*, 918 F.2d at 1187.

## VI. Plaintiffs fail to allege facts which overcome D.A. Louis' absolute or qualified immunity.

11. In their flawed attempt to refute D.A. Louis' absolute immunity, Plaintiffs rely on the conclusory assertions below which are not entitled to the assumption of truth:

> Plaintiffs allege Louis became personally involved in administrative and investigative matters before any criminal prosecution existed, participated in matters involving Wilson County personnel issues, coordinated with non-

> prosecutorial governmental actors, participated in efforts to obtain governmental communications outside ordinary judicial process, and helped establish the investigative course that later resulted in the constitutional injuries alleged throughout the Complaint.

ECF No. 30, at p.11 (Citing ECF No.1 at ¶¶60-150).

12. But even the unhinged rants in ECF No.1 at ¶¶60-150, do not divest D.A. Louis of her absolute immunity because "[p]rosecutors enjoy absolute immunity for acts taken to initiate prosecution" and Plaintiffs do not allege District Attorney Louis took any acts which fall outside the scope of her duties as a prosecutor. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Even less so for the time period *after* District Attorney Louis recused herself and her office which Plaintiffs fail to allege facts which show any participation. But even if, purely arguendo, prosecutorial immunity does not apply to all claims against D.A. Louis – it does – Plaintiffs further fail to meet Plaintiffs burden to overcome D.A. Louis' qualified immunity.

13. "Government officials enjoy qualified immunity from suit under §1983 unless their conduct violates clearly established law." *Zorn v. Linton*, 607 U.S. 568 (2026) (citing *Rivas-Villegas* v. *Cortesluna*, 595 U. S. 1, 5 (2021) (*per curiam*)). "To find that a right is clearly established, courts generally "need to identify a case where an officer acting under similar circumstances . . . was held to have violated" the Constitution." *Id* (citing *Escondido* v. *Emmons*, 586 U. S. 38, 43, 139 S. Ct. 500, 202 L. Ed. 2d 455 (2019) (*per curiam*)). Plaintiffs 46 page brief cites not one case which meets this threshold.

14. First Amendment: *see Lane v. Franks,* 573 U.S. 228, 236–38 (2014) (Wrongful termination and First Amendment claim against employer); *Hartman v. Moore,* 547 U.S. 250, 256 (2006) (First Amendment retaliatory prosecution claim, under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), against AUSA for prosecution against CEO of company that criticized the U.S. Postal service); *Keenan v. Tejeda,* 290 F.3d 252, 258–59 (5th Cir. 2002) (First

amendment retaliation claim over two "retaliatory" traffic stops against former deputy constables after exposing improper practices in the Constables office via news media); *Colson v. Grohman,* 174 F.3d 498 (5th Cir. 1999). (No First Amendment claim for, as here, Plaintiff elected public official alleged only that she was the victim of criticism, an investigation (or an attempt to start one), and false accusations: all harms that, while they may chill speech, are not actionable under Fifth Circuit First Amendment retaliation jurisprudence.)); *Morgan v. Swanson,* 659 F.3d 359 (5th Cir. 2011) (en banc) (First amendment claim after Elementary school students were prevented by a principal from distributing religious literature to classmates); *Blackburn v. City of Marshall,* 42 F.3d 925, 935–36 (5th Cir. 1995) (Non-City employee Plaintiff tow truck driver claimed City revoked his rights to use police radio frequency in retaliation for Plaintiff's criticism of the City's bidding process).

15. Fourth Amendment: *see Manuel v. City of Joliet,* 580 U.S. 357, 367–69 (2017) (Legality of Pretrial detention claim based on fabricated drug evidence); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) (Qualified immunity for a prosecutor allegedly fabricating evidence during the investigation of a crime before charges were filed); *Winfrey v. Rogers,* 901 F.3d 483 (5th Cir. 2018) (No qualified immunity for Fourth Amendment claim that deputy sheriff allegedly omitted or misstated material facts on an arrest warrant for murder); *Cole v. Carson,* 935 F.3d 444 (5th Cir. 2019) (en banc) (Qualified immunity for Fourth amendment claim against officers who shot a suicidal teenager who was holding a gun to his head); Fourteenth Amendment:

*16.* Fourteenth Amendment: *Paul v. Davis,* 424 U.S. 693, 701–12 (1976) (Police distributed a flyer identifying the plaintiff as an "active shoplifter" before Plaintiff was eventually convicted; the Supreme Court held that reputational harm alone, without a concurrent deprivation of a tangible interest such as employment, does not constitute a deprivation of a liberty interest protected by the

Due Process Clause). *Rosenstein v. City of Dallas,* 876 F.2d 392 (5th Cir. 1989) (Wrongful termination and Fourteenth Amendment claim against employer when City fired police officer and did not provide a subsequent formal "name-clearing hearing" or appeal following termination); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)(Due process clause does not require a pre-termination hearing for social security benefits); *Zinermon v. Burch,* 494 U.S. 113 (1990) (Due Process challenge for medically incompetent psychiatric patient signing voluntary admission form); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532 (1985) (Due Process claim for wrongful termination against employer for lack of post-termination appeal).

*17.* Conspiracy: *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)(Conspiracy claim between public and private officials brought by white woman after being denied service in a restaurant then arrested for vagrancy); *Crowe v. Lucas,* 595 F.2d 985 (5th Cir. 1979) (No absolute immunity for Municipal Judge who also acted as a City Alderman, who after advice of counsel, directed the arrest of another councilmember during a City meeting due to failure to pay a water bill); *Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994)(Failed Conspiracy claim by former catholic priest against DA's office and police officers after public officials leaked priest's homemade video tapes of priest engaged in homosexual activity to other parties in civil litigation. As here, "Appellant cannot claim that his privacy has been invaded when allegedly private materials have been disclosed to those who already know the details of that material."); *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir. 1980) (No Absolute immunity for Prosecutor who accompanied police on an alleged illegal search warrant of pawn shop, prosecutor assisted in gathering physical evidence before prosecution, and Prosecutor later slandered Plaintiff shop owners in the media).

RELIEF REQUESTED

18. Because Plaintiffs fail to allege facts which state a claim or abandon those claims, and fail to overcome Defendant District Attorney Audrey Gossett Louis' absolute or qualified immunity, D.A. Louis requests the Court dismiss all Plaintiffs' claims asserted against D.A. Louis .

Respectfully submitted,

*/s/ William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
Randy E. Lopez
Texas Bar No. 24091829

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANT
DISTRICT ATTORNEY AUDREY GOSSETT LOUIS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on July 27, 2026.

/s/ *William S. Helfand*
William S. Helfand